■ In the Matter of JEWISH MEMORIAL HOSPITAL et al., Appellants, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Judgment, Supreme Court, New York County, entered August 30, 1977, granting respondents' motion to dismiss the petition as untimely is unanimously reversed, on the law, without costs and without disbursements and vacated, and the motion to dismiss is denied, and respondents are directed to serve their answer within 20 days of service by petitioners-appellants upon respondents-respondents of a copy of the order to be entered herein with notice of entry, and the matter is remanded to Special Term for further proceedings. The basis of the dismissal was the claim that petitioners had failed to exhaust their administrative remedies and that some claims were time-barred. The new, lower rates for 1976 were issued tardily in November, 1976, and made retroactive to January, 1976, though subdivision 4 of section 2807 of the Public Health Law required notification of new rates 60 days prior to the rate period. The administrative remedy that Special Term would have required petitioners to exhaust is really no remedy at all. The rates were allegedly a nullity *ab initio;* some aspects of petitioners' challenges were not subject to administrative review; and experience has taught that the process takes so long that the financial integrity of the hospitals is threatened. *Hurlbut v Whalen* (58 AD2d 311, 317) gives us the law to be followed on the question of exhaustion, deciding that since there would result "an immediate and serious cash flow deficit threatening the continued survival of plaintiffs' facility, the situation was of an 'emergency' nature sufficient to justify immediate recourse to the judicial system". We also find that the petition was timely served within four months of notification of the purported new rates. (CPLR 217.) Concur—Murphy, P. J., Birns, Evans and Lane, JJ.